GORDON McCLOUD, J. (concurring)
¶ 28 The majority holds that Jai'Mar Scott's de facto life sentence is unconstitutional under Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed. 2d 407 (2012). Majority at 1186-87 & n.7. I agree.
¶ 29 The majority also holds that Scott's challenge to his unconstitutional sentence was timely, and that Miller 's Eighth Amendment protections constitute a significant change in the law that is retroactively applicable to Scott *603 and material to his sentence. Id. at 1184, 1186-87; U.S. CONST. amend. VIII. I agree with that also.
¶ 30 The majority denies Scott relief for a different reason. A personal restraint petition may be granted only when there is no other adequate relief available. RAP 16.4. The majority concludes that under current Eighth Amendment precedent, RCW 9.94A.730 -which provides Scott with a chance for parole rather than a right to resentencing-provides an adequate remedy for the Miller violation. Id. at 1183. I agree with that conclusion also.
¶ 31 But we have "repeated[ly] recogni[zed]" that the Washington Constitution's article I, section 14 is more protective of individual rights at sentencing than the Eighth Amendment. State v. Roberts, 142 Wash.2d 471, 506, 14 P.3d 713 (2000). The majority does not address the impact of our more protective article I, section 14 on this case at all. Instead, it asserts that Scott did not properly present a state constitutional argument. Majority at 1188-89.
¶ 32 The majority is correct about that too. Despite the fact that amicus briefs filed in support of Scott's position did address that issue, the majority certainly has the discretion to decline to reach arguments raised solely by amici.[1]
¶ 33 I therefore write to clarify that the adequacy of the statutory remedy available to Scott-the possibility of parole after 20 years rather than the certainty of a full resentencing now-remains an open question under Washington law. This is important because our court has held that any Miller "fix" must include an individualized hearing and " 'take into account how children are different [from *604 adults].' "[2] See State v. Ramos, 187 Wash.2d 420, 428, 387 P.3d 650 (quoting Miller, 567 U.S. at 480, 132 S.Ct. 2455 ), cert. denied, --- U.S. ----, 138 S. Ct. 467, 199 L.Ed.2d 355 (2017). RCW 9.94A.730 fails to provide those two requirements-it does not give the offender a resentencing hearing, and it provides no similar forum for a judge to *1191 evaluate the offender's age-related deficits at the time of the crime. The result of the majority's limited Eighth Amendment approach is that juveniles convicted of aggravated first degree murder[3] get more protections post- Miller than juveniles, like Scott, who were convicted of lesser crimes-and that result would likely change under our own state's law.
¶ 34 I therefore respectfully concur.
ANALYSIS
RCW 9.94A.730, the legislature's Miller "fix" applicable to nonaggravated murder offenses, is not an "adequate" remedy under Washington law
¶ 35 The Eighth Amendment to the United States Constitution compels us to recognize that children are different. See, e.g., Miller, 567 U.S. at 480, 132 S.Ct. 2455 ; Graham v. Florida, 560 U.S. 48, 68-70, 130 S.Ct. 2011, 176 L.Ed. 2d 825 (2010) ; Roper v. Simmons, 543 U.S. 551, 569-70, 125 S.Ct. 1183, 161 L.Ed. 2d 1 (2005) ; State v. Houston-Sconiers, 188 Wash.2d 1, 18, 391 P.3d 409 (2017) ; Ramos, 187 Wash.2d at 428, 387 P.3d 650. In Houston-Sconiers, we noted that the United States Supreme Court has "explained how the courts must address those differences in order to comply with the Eighth Amendment: with discretion to consider the mitigating *605 qualities of youth."[4] Based on this line of cases, we explained,
These cases make two substantive rules of law clear: first, "that a sentencing rule permissible for adults may not be so for children," [ Roper, 543 U.S. at [571, 125 S.Ct. 1183 ], rendering certain sentences that are routinely imposed on adults disproportionately too harsh when applied to youth, and second, that the Eighth Amendment requires another protection, besides numerical proportionality, in juvenile sentencing-the exercise of discretion.
Houston-Sconiers, 188 Wash.2d at 19 n.4, 391 P.3d 409. But our own constitution and case law require more than the framework offered by RCW 9.94A.730.
A. Under State v. Fain,[5] the opportunity for parole cannot cure an unconstitutional sentence
¶ 36 The first reason that our own constitution and case law compel a different result from that provided by the Eighth Amendment is our holding in Fain. RCW 9.94A.730 gives the offender the chance to ask the Indeterminate Sentence Review Board (ISRB)-basically a parole board-for release-basically parole. But Fain holds that the possibility of parole cannot be considered akin to a real resentencing under our state constitution.
¶ 37 In Fain, the defendant argued that his mandatory life sentence was unconstitutionally disproportionate to his nonviolent crimes. The State responded by arguing that this court should treat a sentence of life with the possibility of parole as a lesser (and more proportionate) sentence than a sentence of life without parole because the former provides for "the availability of parole and 'good behavior' credits." 94 Wash.2d at 393, 617 P.2d 720 (citing RCW 9.95.110, .070). This court rejected the State's distinction because "[i]t is clear to us that 'parole is simply an act of executive grace.' "
*606 Id. at 394, 617 P.2d 720 (quoting Rummel v. Estelle, 445 U.S. 263, 293, 100 S.Ct. 1133, 63 L.Ed. 2d 382 (1980) (Powell, J., dissenting) ). We continued by explaining that "[a] prisoner has no right to parole, which is merely a privilege granted by the administrative body."[6] Thus, for purposes *1192 of our analysis, Scott's sentence, like Fain's sentence, must be treated as a true life sentence. Id. at 395, 617 P.2d 720.
¶ 38 Following Fain, the majority's argument that RCW 9.94A.730 provides Scott with a "de facto lifetime prison term with the possibility of parole ," majority at 1186, is irrelevant under state law. RCW 9.94A.730 provides no more than a possibility of parole, an act of executive privilege, and it therefore " 'creates an unacceptable risk' that a substantive constitutional rule will be violated." Ramos, 187 Wash.2d at 442, 387 P.3d 650 (quoting Hall v. Florida, 572 U.S. ----, 134 S.Ct. 1986, 1990, 188 L.Ed. 2d 1007 (2014) ).
B. Under In re Personal Restraint of McNeil,[7] Miller "fixes" must include both substantive and procedural requirements to be adequate
¶ 39 Further, our prior decisions make clear that Miller "fixes" must include both substantive and procedural protections. Ramos and Houston-Sconiers emphasized these two protections-those decisions explain both the constitutional *607 limits on sentence length[8] and the constitutionally required discretion in the consideration of mitigating factors.[9]
¶ 40 We explained the importance of incorporating both constitutional requirements into any Miller "fix" type of resentencing in McNeil . McNeil addressed one of the legislature's two Miller "fixes"- RCW 10.95.030(3). RCW 10.95.030(3) describes the initial sentencing procedure for certain juveniles convicted of aggravated murder. RCW 10.95.035(1) makes this Miller "fix" fully retroactive and applicable to resentencing. See McNeil, 181 Wash.2d at 591, 334 P.3d 548 (citing LAWS OF 2014, ch. 130, § 11(1) ).
¶ 41 In McNeil, two juveniles were tried as adults and convicted of aggravated first degree murder. Both were given the mandatory minimum of life in prison without the possibility of early release, and both challenged that sentence based on Miller . Id. at 585, 334 P.3d 548. Like the majority in this case, McNeil held that "[t]he Miller fix remedies the unlawfulness of the petitioners' sentences by providing they must be resentenced in a manner that does not violate the Eighth Amendment, consistent with Miller ." Id. at 590, 334 P.3d 548.
¶ 42 But the McNeil - referenced Miller "fix," RCW 10.95.030(3) (sentences for aggravated first degree murder), differs significantly from RCW 9.94A.730, the "fix" statute at issue here. The RCW 10.95.030(3) Miller "fix" is far more *608 protective of the defendant's constitutional rights. RCW 10.95.030(3) states in relevant part,
(a)(i) Any person convicted of the crime of aggravated first degree murder for an offense committed prior to the person's sixteenth birthday shall be sentenced to a maximum term of life imprisonment and a minimum term of total confinement of twenty-five years.
(ii) Any person convicted of the crime of aggravated first degree murder for an offense committed when the person is at least sixteen years old but less than eighteen years old shall be sentenced to a *1193 maximum term of life imprisonment and a minimum term of total confinement of no less than twenty-five years. A minimum term of life may be imposed, in which case the person will be ineligible for parole or early release.
(b) In setting a minimum term, the court must take into account mitigating factors that account for the diminished culpability of youth as provided in Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) including, but not limited to, the age of the individual, the youth's childhood and life experience, the degree of responsibility the youth was capable of exercising, and the youth's chances of becoming rehabilitated.
(Emphasis added.) As the emphasized language shows, this RCW 10.95.030(3) Miller "fix," unlike the RCW 9.94A.730 Miller "fix" at issue here, specifically incorporates Miller 's requirements-both substantive and procedural-by providing a limit on the sentence length and by requiring that a sentencing "court"-not parole board-must "take into account mitigating factors that account for the diminished culpability of youth." RCW 10.05.030(3)(b).
¶ 43 Unlike McNeil, who was convicted of aggravated first degree murder, Scott was convicted of the less serious crime of first degree murder. See State v. Scott, 72 Wash. App. 207, 210, 866 P.2d 1258 (1993). He is therefore eligible for the Miller "fix" of RCW 9.94A.730 -rather than the Miller "fix" of RCW 10.95.030(3). RCW 9.94A.730 (early release for persons convicted of one or more crimes committed prior to 18th birthday) details a very different Miller "fix," stating,
*609 (1) Notwithstanding any other provision of this chapter, any person convicted of one or more crimes committed prior to the person's eighteenth birthday may petition the indeterminate sentence review board for early release after serving no less than twenty years total confinement, provided the person has not been convicted for any crime committed subsequent to the person's eighteenth birthday, the person has not committed a disqualifying serious infraction as defined by the department in the twelve months prior to filing the petition for early release, and the current sentence was not imposed under RCW 10.95.030 or 9.94A.507.
....
(3) No later than one hundred eighty days from receipt of the petition for early release, the department shall conduct, and the offender shall participate in, an examination of the person, incorporating methodologies that are recognized by experts in the prediction of dangerousness, and including a prediction of the probability that the person will engage in future criminal behavior if released on conditions to be set by the board. The board may consider a person's failure to participate in an evaluation under this subsection in determining whether to release the person. The board shall order the person released under such affirmative and other conditions as the board determines appropriate, unless the board determines by a preponderance of the evidence that, despite such conditions, it is more likely than not that the person will commit new criminal law violations if released. The board shall give public safety considerations the highest priority when making all discretionary decisions regarding the ability for release and conditions of release.
Obviously, this does not provide for a "resentencing" in a "court," with consideration of Miller factors, as RCW 10.95.030(3) (which applies to aggravated first degree murderers) does.
¶ 44 But our Washington cases do not require one set of heightened protections for juveniles committing aggravated first degree murders and a lesser set of protections for juveniles committing less culpable murderers. Instead, our state case law holds that in both cases, " 'a sentencer *610 follow[s] a certain process-considering an offender's youth and attendant characteristics-before imposing a particular penalty.' " McNeil, 181 Wash.2d at 588, 334 P.3d 548 (quoting Miller, 567 U.S. at 483, 132 S.Ct. 2455 ). As we held in McNeil, the legislature met the requirements of Miller in its enactment of RCW 10.95.030(3) -because of the full resentencing requirements discussed above. 181 Wash.2d at 590, 334 P.3d 548. The legislative "fix" available to Scott, in contrast, fails to meet this standard. *1194 See RCW 9.94A.730. There is no resentencing requirement in RCW 9.94A.730, the review is not conducted by a court, and, most importantly, the ISRB is not required to consider the offender's youth and its characteristics. Compare RCW 9.94A.730, with RCW 10.95.030(3).
C. The United States Supreme Court's holdings in Millerand Montgomery do not bar this postconviction remedy
¶ 45 As noted by the majority, the Montgomery Court cited with approval a post- Miller Wyoming statute that permitted juvenile homicide offenders to be considered for parole after 25 years, rather than requiring resentencing. 136 S.Ct. at 736 (citing WYO. STAT. ANN. § 6-10-301 ); majority at 1187. The Court's brief reference to the Wyoming statute, however, was dictum. The questions presented for review in Montgomery were (1) "Did Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) adopt a new substantive rule that applies retroactively to cases on collateral review" and (2) "[d]oes this Court have jurisdiction to decide whether the Supreme Court of Louisiana correctly refused to give retroactive effect in this case to this Court's decision in Miller v. Alabama ?" Br. of Pet'r, Montgomery v. Louisiana, No. 14-280, at i (U.S. July 22, 2015). The respondent phrased the questions slightly differently. But neither party presented-and the Court did not accept review of-the question of a specific state's statutory compliance with Miller.
¶ 46 Further, Washington courts would not be bound by the United States Supreme Court's statement about available *611 state court remedies even if it were not dictum. This is clear from Danforth v. Minnesota, in which the United States Supreme Court stated that its limitations on the availability of relief for violations of new rules of constitutional law do not "limit a state court's authority to grant relief for violations of new rules of constitutional law when reviewing its own State's convictions." 552 U.S. 264, 280-81, 128 S.Ct. 1029, 169 L.Ed. 2d 859 (2008). And our state's constitution and case law, described above, states that Washington requires more than the Montgomery dictum does. Thus, under Washington law, RCW 9.94A.730 does not provide adequate protections.
CONCLUSION
¶ 47 I agree with the majority's conclusion that under the Eighth Amendment, RCW 9.94A.730 is constitutionally adequate. But over the almost 30-year history of this case, Scott's youthfulness has never been considered as a mitigating factor. RCW 9.94A.730 does not provide for the Fain and McNeil compliant resentencing that would remedy this constitutional problem. For that reason, it is not an adequate "fix" for that problem under our state constitution and case law.
¶ 48 I therefore concur.
Yu, J.
González, J.

Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed. 2d 407

Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed. 2d 1 (2005).

Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed. 2d 825 (2010).

State v. Fain, 94 Wash.2d 387, 617 P.2d 720 (1980).

94 Wash.2d 387, 617 P.2d 720 (1980).

Id. at 394, 617 P.2d 720 (citing January v. Porter, 75 Wash.2d 768, 774, 453 P.2d 876 (1969) (parole decision not subject to judicial review); In re Application of Lindsey, 33 Wash.2d 94, 104-05, 204 P.2d 482 (1949) ; In re Pers. Restraint of LaLande, 21 Wash. App. 378, 380, 585 P.2d 180) (1978). The Supreme Court has also recognized this principle. Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed. 2d 668 (1979) ('There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'); Morrissey v. Brewer, 408 U.S. 471, 482 n.8, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972) (an individual's mere anticipation or hope of freedom is not as important as his justifiable reliance in maintaining his conditional release on parole). And see Rummel v. Estelle, 587 F.2d 651, 665 (5th Cir. 1978) (Clark, J., dissenting), aff'd, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382.

181 Wash.2d 582, 334 P.3d 548 (2014).

"The [United States Supreme] Court held that Miller announced a substantive rule that 'life without parole [is] an unconstitutional penalty for "a class of defendants because of their status"-that is, juvenile offenders whose crimes reflect the transient immaturity of youth.' " Ramos 187 Wash.2d at 441, 387 P.3d 650 (second alteration in original) (quoting Montgomery, 136 S.Ct. at 734 (quoting Penry v. Lynaugh, 492 U.S. 302, 330, 109 S.Ct. 2934, 106 L.Ed. 2d 256 (1989) ) ).

"[I]t is clear that in order to give effect to Miller 's substantive holding, every case where a juvenile offender faces a standard range sentence of life without parole (or its functional equivalent) necessarily requires a Miller hearing." Id. at 443, 387 P.3d 650.
"[T]he Eighth Amendment requires trial courts to exercise ... discretion [to consider the mitigating qualities of youth] whether the youth is sentenced in juvenile or adult court and whether the transfer to adult court is discretionary or mandatory."Houston-Sconiers, 188 Wash.2d at 19-20, 391 P.3d 409 (citing Miller, 132 S.Ct. at 2461-62 ; Graham, 560 U.S. at 53, 130 S.Ct. 2011 ; Roper, 543 U.S. at 557, 125 S.Ct. 1183 ).